Eastern District of Kentucky
FILED

FEB 14 2007

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

IN RE: FILINGS BY MISTY LYNN WESLEY

Gen. 07 - 6

## GENERAL ORDER

This matter is before the Court on its own motion regarding filings by Misty Lynn Wesley. Wesley has a documented history of filing abusive litigation in this Court.

Federal courts have inherent power to punish litigants for their contempt of Court. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991); *see also Glick v. Gutbord*, 782 F.2d 754, 756-757 (7th Cir. 1986) (affirming district court's *sua sponte* dismissal of *pro se* plaintiff's vexatious case where the record established a clear pattern of abuse of the judicial process, including legally baseless suing of the district judges who ruled against the plaintiffs within the case and in related cases); *Callihan v. Kentucky*, 36 Fed. Appx. 551, 2002 WL 1301664 (6th Cir. June 12, 2002) (holding that "Callihan's repetitive and vexatious litigation history clearly justified the court's injunction.").

While the Court cannot absolutely foreclose Wesley from initiating an action or from filing additional pleadings in any of her seven existing cases filed in this Court, the Court will no longer tolerate her continued abuse of the judicial process. *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996); *Hyland v. Stevens*, 37 Fed.Appx. 770, 771, 2002 WL 1354695, **1 (6th Cir. (Mich.)) (Appellant was barred from filing any new civil matter or appeal therefrom in Sixth Circuit *or any court subject to its jurisdiction* until he paid the sanction imposed in a previous appeal he had filed in the Sixth Circuit in 2001) ("We limit this sanction only by the bounds set

by the Supreme Court: it shall not apply in any criminal matter. *See Judd v. United States Dist. Court for the W. Dist. of Texas*, 528 U.S. 5, 6, 120 S. Ct. 1, 145 L. Ed.2d 7 (1999) (ordering the clerk not to accept further petitions for certiorari in noncriminal matters until docketing fees are paid). All filings received in violation of this order shall be returned unfiled."); *Stelly v. Commissioner of IRS*, 808 F.2d 442 (5th Cir. 1987) (In addition to monetary sanctions, the court directed the clerk of the court not to accept any new filings by the plaintiffs for any tax-related appeals until the sanctions imposed in that case and in two prior cases were paid and proof of satisfaction of all prior judgments was provided as a Rule 11 sanction).

By the terms of this General Order, the Court will impose from this day forward certain conditions on any future filings. Accordingly, the Court, being otherwise fully and sufficiently advised, **HEREBY ORDERS** as follows:

(1)     Misty Lynn Wesley is **PERMANENTLY BARRED AND ENJOINED** after the date of entry of the instant Order from: (a) filing any new civil action **and** (b) filing any additional pleadings in any of the seven cases which she has already filed in this Court,[1] **unless** she firsts obtains a certification from a United States Magistrate Judge of the Eastern District of Kentucky that the claims asserted therein are not frivolous and that the filings(s) are not being submitted for any improper purpose.

---

[1]

The seven cases which the plaintiff has already filed are as follows: (1) *Wesley v. St. Luke West*, 04-23-WOB; (2) *Wesley v. Harrison Memorial Hospital*, 03-CV-499-KSF; (3) *Wesley v. Ephraim McDowell Regional Medical Center, et al.*, 03-500-JMH; (4) *Wesley v. Medical Staffing Network*, 04-52-JMH; *Wesley v. Columbia Hospital Georgetown, et al.*, 04-70-JBC; (6) *Wesley v. Good Samaritan Hospital*, 04-263-JMH; and (7) *Wesley v. McClanahan*, 04-CV-535-KSF.

(2)     The Clerk of the Court shall:  (a) scan the document and enter it into the record as a miscellaneous document; and (b) send the original document back to Misty Lynn Wesley accompanied by correspondence indicating to Misty Lynn Wesley that the documents have been filed but will not be treated as motions or acted upon by the Court absent the Magistrate Judge certification mandated in the preceding paragraph.

(3)     Any failure of Misty Lynn Wesley to abide by the directives set forth in this Order will result in immediate dismissal of any purported new action and/or the denial of any filing in any of the seven existing civil actions **and** additional sanctions, which may include imposition of a substantial fine.

(4)     The Clerk of the Court shall distribute copies of the instant Order as follows:  into the records of all seven cases which Misty Lynn Wesley has filed in this Court and on the desks of all deputy clerks in the Eastern District of Kentucky.

This the ___14th___ day of February, 2007.

JOSEPH M. HOOD, CHIEF JUDGE

3